Steven M. Johnson, Esq.
CHURCH, HARRIS, JOHNSON & WILLIAMS, P.C.
114 3rd St. S.
P. O. Box 1645
Great Falls, Montana 59403-1645
Telephone:  (406) 761-3000
Facsimile:  (406) 453-2313
sjohnson@chjw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

| | |
|---|---|
| NICLAS WÄSCHLE, deceased, by and through his personal representative, PATRICIA BIRKHOLD-WÄSCHLE, as Personal Representative of the Estate of Niclas Wäschle; PATRICIA BIRKHOLD-WÄSCHLE, individually, RAIMUND WÄSCHLE, individually, and PHILIP WÄSCHLE, individually, | Cause No. _____  <br><br> Judge:  _____  <br><br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |
| Plaintiffs, <br> vs. | |
| WINTER SPORTS, INC. dba WHITEFISH MOUNTAIN RESORT, a Montana corporation, WORLD EXPERIENCE dba WORLD EXPERIENCE TEENAGE STUDENT EXCHANGE,  FRED | |

VANHORN, and LYNNE
VANHORN, and JOHN DOES 1-10,

                    Defendants.
_____

COME NOW, the above-named Plaintiffs, by and through their attorneys, and for their claims against the Defendants, allege as follows:

<u>PARTIES, JURISDICTION, AND VENUE</u>

1.    Niclas Wäschle was the natural son of Patricia Birkhold-Wäschle and  Raimund Wäschle, was a sixteen (16) year old German citizen and, at the time of his death, was a foreign exchange student who was living temporarily with Defendants Fred Vanhorn and Lynn Vanhorn, his host family, who lived in Columbia Falls, Montana.

2.    Plaintiffs, Patricia Birkhold-Wäschle, individually and as Personal Representative of the Estate of Niclas Wäschle, Raimund Wäschle, and Philip Wäschle  (hereinafter "Plaintiffs"), are citizens and residents of the Federal Republic of Germany. Patricia Birkhold-Wäschle is the natural mother of Niclas Wäschle. Raimund Wäschle is the natural father of Niclas Wäschle. Philip Wäschle is the brother of Niclas Wäschle.

3.    Defendant Winter Sports, Inc. (hereinafter "Winter Sports") is a Montana corporation with its principal place of business and center of its

business activities in Flathead County, Montana, and does business as Whitefish Mountain Resort near Whitefish in Flathead County, Montana where it owns and operates a ski resort located on Whitefish Mountain, commonly known as Big Mountain or as the Big Mountain Ski Area.

4.      Upon information and belief, Plaintiffs allege that Defendant World Experience ("World Experience") is a legal entity organized under the laws of a state in the United States other than Montana, that it has its principal place of business at 2440 S. Hacienda Blvd., Suite 116, Hacienda Heights, California, that it does business as World Experience Teenage Student Exchange, and that it functions as a sponsor of foreign exchange students in the United States.

5.      At all times relevant hereto, Defendant Fred Vanhorn was a resident of Columbia Falls, Flathead County, Montana and citizen of the State of Montana.

6.      At all times relevant hereto, Defendant Lynne Vanhorn was a resident of Columbia Falls, Flathead County, Montana and citizen of the State of Montana.

7.      This Court has alienage jurisdiction of the claims made in this matter under 28 U.S.C. § 1332(a)(2) since the action is between Plaintiffs who

are all subjects of Germany, a foreign state for purposes of 28 U.S.C. § 1332(a)(2), and Defendants who are citizens of more than one state within the United States, and the amount in controversy exceeds $75,000.

8.      Venue is proper in the Missoula Division of the United States District Court for the District of Montana under 28 U.S.C. §1391(b)(1) and (2), because the Defendant Winter Sports resides, and has in its principal place of business and center of business operations in Flathead County, Montana; because Defendants Fred Vanhorn and Lynne Vanhorn reside in Flathead County, Montana; and because the torts which are the subject of this Complaint occurred in Flathead County Montana, which makes Flathead County the proper venue for a civil action pursuant to Mont. Code Ann. §25-2-122(3) and L.R. 3.2(b) of the Rules of Procedure of the United States District Court for the District of Montana ("Local Rules").  Pursuant to L.R. 1.2 ( c)(5) of the Local Rules, Flathead County lies within the Missoula Division of this Court.

9.      The true names and capacities of DOES 1-10 are unknown to Plaintiffs, who therefore sue said defendants under these fictitious names. On information and belief, Defendants DOES 1-10, inclusive, (i) directly participated in or assisted in the performance of the wrongful acts and

omissions described herein, although the full extent of their involvement is unknown at this time, OR (ii) conspired with the named parties in this case to perform the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time, OR (iii) acted as principals or agents, actual or ostensible, of other named parties in this case in performing the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time. Plaintiffs thus believe that Defendant DOES 1-10, inclusive, are liable for the damages and other relief sought in this case as participants, co-conspirators, principals or agents, or are otherwise necessary or indispensable parties to adjudication of the issues involved in this case. When the true names and capacities of DOES 1-10, inclusive, have been ascertained, appropriate amendments of this Complaint will be filed.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

10.     On or about December 29, 2010, Niclas Wäschle, deceased, then age 16, was skiing on a groomed trail in the area at or near the T-bar 2 ski lift at the Whitefish Mountain Resort, also known as the Big Mountain Ski Area, owned and operated by Defendant Winter Sports, when he fell head first into a hidden tree well, a large concealed pocket of unpacked snow that formed

around the base of a tree, on or at the edge of the groomed trail at or very near the pont where skiers dismount from T-bar 2 ski surface ski lift .

11.   Niclas Wäschle ("Niclas") was trapped under the deep snow, and unable to free himself. He did not die immediately, but rather died three days later due to the effects of suffocation. Niclas was found at about 11 a.m. on December 29, 2010, when two other skiers noticed skis protruding from the snow near a tree at the T-bar 2 surface lift.   Passing skiers extracted an unconscious Niclas from the tree well and summoned assistance. A nearby nurse performed CPR until the Ski Patrol arrived. Niclas was transported to the Kalispell Regional Medical Center ("KRMC") in nearby Kalispell, Montana. Niclas died three days later at KRMC on Sunday, January 1, 2011, after he was declared brain dead as the result of asphyxiation and suffocation.

12.   On information and belief, Plaintiffs allege that the area in which Niclas Wäschle was skiing was not restricted or blocked off in any way, nor were any warning notices posted regarding the dangers of tree wells on or adjacent to the groomed trail he was using, which was at or near the exit from T-bar 2 ski lift.

13.   At the time of his death, Niclas Wäschle was a foreign exchange student who had been placed through the exchange program of Defendant

World Experience , dba Teenage Student Exchange, a sponsor of foreign exchange students subject to regulations of the United States Information Agency, in the Columbia Falls, Montana household of Defendants Fred Vanhorn and Lynne Vanhorn, who, along with Defendant World Experience, had assumed responsibility for Niclas' care, welfare and safety for the duration of Niclas' foreign exchange stay.

## COUNT I: GROSS NEGLIGENCE AND NEGLIGENCE, AND PREMISES LIABILITY AGAINST DEFENDANT WINTER SPORTS

14.    Plaintiffs reallege the allegations contained in paragraphs 1 through 13.

15.    At all times relevant hereto, Defendant Winter Sports and its agents and employees owed a duty to all persons invited to and paying for the use of Defendant Winter Sports' premises, including Niclas Wäschle, to exercise reasonable care to construct, maintain and operate the premises in a reasonable safe condition and reasonable safe manner, free from hidden, undiscoverable, unidentified, invisible, unmarked, unbarricaded and unwarned of hazards, such as the unreasonable and unexpected hazard created by the tree well described herein located on, in, or on the edge of an established ski trail at or near the T-bar 2 ski lift, which during ski season is used by numerous skiers on a daily basis. Tree wells forming at or near that lift constitute an

unnecessary and foreseeable hazard that Defendant Winter Sports in the exercise of ordinary, reasonable care can alleviate, mitigate, or eliminate.

16.     Defendant Winter Sports, Inc., dba Whitefish Mountain Resort, failed to exercise reasonable diligence by failing to block off, barricade, warn of, remove, identify, or visibly mark the tree under which the tree well was located, or otherwise exercise ordinary and reasonable care to alleviate the dangers of a known, avoidable hazard such as the one encountered by Niclas, i.e, a hazard that no skier wishes to confront and that is an unnecessary hazard that was well known to Defendant Winter Sports, as a ski operator, which hazard it could have eliminated or alleviated consistent with its duty of reasonable and ordinary care to invitees, the skiing public, and to Niclas Wäschle.

17.     On information and belief, Plaintiff alleges that the hazard in question was located at the edge of a groomed ski trail at or in the vicinity where skiers exited the T-bar 2 ski lift at the Big Mountain Ski Area, owned and operated by Defendant Winter Sports. The tree well into which Niclas fell was an unnecessary hazard that Defendant Winter Sports, as the ski area operator, had a duty to eliminate or alleviate through the exercise of ordinary care.

18.     Defendant Winter Sports owed Niclas a duty of reasonable care, which it breached, and that breach proximately caused and was the legal

cause of Niclas' suffering and death. Montana law does not immunize a ski operator from its own negligence. That tree wells at or in the vicinity of the trail below the T-bar 2 lift were an unnecessary hazard that could have been eliminated or alleviated by reasonable care by Defendant Winter Sports, and that the hazard was well known to Defendant Winter Sports, is demonstrated by the fact that approximately 10 days later, on or about January 8, 2011, tragedy struck again when a 29-year-old snowboarder from Kalispell, Montana died in a tree well at or near the T-bar 2 ski lift east of Big Mountain's summit, i.e. at or near the very spot where Niclas had encountered the tree well.

19.    Defendant Winter Sport's acts and omissions in breach of its duties include, without limitation, the design, lay-out, construction, and creation, and on-going maintenance of the ski trail and ski lift area so as to unreasonably expose skiers, including Niclas Wäschle, to the unreasonable hazard posed by hazardous and dangerous configuration, design and condition; the failure to inspect the premises for unreasonable hazard; the failure to mark  and mitigate the unreasonable hazard; and the failure to place barriers, or to provide notice or warning of the unreasonable hazard.

20.    By virtue of the continuous presence of Defendant Winter Sports and its agents and employees on the ski run in question, Defendant Winter Sports had actual and constructive notice and knowledge of the nature and

severity of the hazard prior to the time of  Niclas Wäschle's injuries resulting

in his death and damages. On information and belief, Plaintiffs allege that the

Big Mountain Ski Area has experienced several other tree well deaths in the

history of the ski resort, which was a fact of which Defendant Winter Sports

was on notice. Under the circumstances, Defendant Winter Sports had the

duty to mitigate, alleviate, or eliminate the danger of tree wells at or near the

exit from the T-bar 2 lift where skiers who regularly dismount from that lift in

large numbers are unnecessarily exposed to dangers posed by tree wells at

that location.

21.    The hazard was of such a nature and severity, and existed for

such a period of time, that the Defendant, in the exercise of ordinary care as

a ski resort operator, should have recognized and mitigated the hazard before

it caused injury and death to Niclas Wäschle.

22.    Defendant Winter Sports' acts and omission proximately caused

the injuries to, and the death and damages of Niclas Wäschle, who neither

caused nor contributed to his own injuries, death or damages.

## COUNT II: NEGLIGENT HIRING, TRAINING, SUPERVISION AND MANAGEMENT AGAINST DEFENDANT WINTER SPORTS

23.    Plaintiffs reallege the allegations contained in paragraphs 1 through

22.

24.    Defendant Winter Sports owed a duty to all persons invited to and paying for the use of said Defendant's premises, including Niclas Wäschle, to act reasonably in hiring, training, directing, instructing, supervising and managing its agents, representatives and employees, to ensure that such agents knew how to design, construct, create, maintain and operate a reasonably safe premises to provide a reasonable and safe skiing experience for patrons using Defendant Winter Sports' ski area.

25.    By its acts and omission described above, Defendant Winter Sports breached these duties in that it failed to act reasonably in hiring, training, directing, instructing, supervising and managing its agents, representatives, and employees to ensure that its agents had adequate skills, and used their skills, to recognize and mitigate, alleviate, remove and/or warn of, or place barriers at, hazards such as that which injured and cause the death and suffering of Niclas Wäschle.

26.    By its acts and omissions described about Defendant Winter Sports breached these duties in that it failed to ensure that its agents had adequate skills, and used their skills to recognize and mitigate, alleviate, remove and/or warn of, or place barriers at, hazards such as that which injured and killed Niclas Wäschle.

343615.1                                        11

27.     As the direct and proximate result of these breaches of duty, Niclas Wäschle sustained serious physical and emotional injuries and death and, consequently, his estate and heirs have sustained special and general damages in amounts to be proven at trial.

## COUNT III: GROSS NEGLIGENCE, NEGLIGENCE AND NEGLIGENT SUPERVISION, HIRING, TRAINING, SUPERVISION AND MANAGEMENT AGAINST DEFENDANTS  WORLD EXPERIENCE, FRED VANHORN AND LYNNE VANHORN

28.     Plaintiffs reallege the allegations contained in paragraphs 1 through 27.

29.     On information and belief, Plaintiffs allege that Defendant World Experience is a legal entity that sponsors and operates international student exchange programs for a fee. On Information and belief, Defendant World Experience places minor, teenaged foreign high school-aged students with American host families. Defendant World Experience processed the application of then 15 or 16 year old Niclas Wäschle for placement with an American host family for a year.

30.     Defendant World Experience placed Niclas Wäschle with the Columbia Falls, Montana host family of Defendants Fred Vanhorn and Lynne Vanhorn for the school year extending from approximately July 2010 through approximately July 2011.

343615.1                                    12

31.    Plaintiffs allege, on information and belief, that as the sponsor of a foreign exchange student, Defendant World Experience was subject to regulations of the United States Information Agency that require sponsors to train their agents, "monitor the progress and welfare of the exchange visit," and require a "regular schedule of personal contact with the student and host family". 12 C.F.R. §§62.10(e)(2), 62.25(d)(1), (4). These regulations are intended for the protection of the visitor, see "Exchange Visitor Program," 38 Fed. Reg. 15,180, 15,190 (1993) (statement of USIA accompanying regulation of 26 C.F.R. §514.25, now 26 C.F.R. §62.25).

32.    On information and belief, Defendant World Experience was at all relevant times a member of the Council on Standards for International Educational Travel, a private association of sponsors of foreign exchange students, which requires members to "maintain thorough, accurate and continual communication with host families and school authorities".

33.    On information and belief, Defendant World Experience failed to comply with the foregoing regulations, standards of care and guidelines, failed to adequately train and supervise its agents and employees who were charged with placement, monitoring, and protection of  the welfare of the visitor, i.e. of Niclas Wäschle, in the performance their duties required by the aforesaid regulations, standards of conduct and guidelines, and failed to adequately

perform those duties, including a failure  to establish and conduct a regular schedule of personal contact with the student and host family during Niclas' placement  with  the  Vanhorns,  and  a  failure  to  maintain  continual communication with host families and school authorities. Such breaches and violations of those duties owed by Defendant World Experience are negligence per se and are evidence of negligence by Defendant World Experience, which prevented  said  Defendant  from  discovering  the  Vanhorns'  negligence  in safeguarding Niclas by exposing Niclas to unnecessary and unreasonably risky behavior such as permitting him to ski in inclement weather alone, in failing to provide Niclas with adequate instruction and supervision in skiing safety  precautions,  including  the  danger  posed  by  tree  wells  on  or  near established ski runs on the Big Mountain Ski Area.

34.    Upon placement of Niclas with the Vanhorns, Defendant World Experience also imposed severe and unreasonable restrictions on the ability of Niclas' natural parents and family to contact and communicate with Niclas, and required a surrender of their  parental rights and custody to the Vanhorns. Among  other  things,  under  the  terms  of   its  "Participation  Agreement" Defendant World Experience prohibited Niclas' parents, Patricia Birkhold-Wäschle  and  Raimund  Wäschle,  from  visiting  their  "child  without  prior permission from World Experience" and unless "invited by the host family in

writing". Defendant World Experience also directed that Niclas would "NOT be allowed to return home for a visit while on the World Experience Program"; prohibited Niclas from taking "a laptop or cell phone to the host country"; and prohibited "excessive communication with the home country." While prohibiting, discouraging and restricting normal parent-child communication, and therefore normal parental oversight and supervision by the natural parents of their child,  Defendant World Experience failed in its duty to protect Niclas' welfare and safety and in its duty to supervise and monitor the care being given by the host family to Niclas.

35.    Defendants Fred Vanhorn and Lynne Vanhorn, having undertaken the custody and responsibility for the safety of Niclas for a year as his host parents, had a duty to safeguard him from harm and from unnecessary risks, including the duty to prevent him from engaging in dangerous behavior. They had an affirmative duty not to permit him to ski alone on December 29, 2010 on Big Mountain. They breached that duty and standard of care by permitting him to do so.

36.    On information and belief, Defendant Fred Vanhorn was a ski instructor at the Big Mountain Ski Area near Whitefish, and knew or should have known about the dangers of skiing alone, and should not have permitted his 16 year old ward Niclas to ski alone. On information and belief, Plaintiffs

allege that Defendants Fred Vanhorn and Lynne Vanhorn inappropriately permitted Niclas to ski alone in unfamiliar surroundings without adequate instruction and supervision, and that they drove with Niclas on December 29, 2010 to the Big Mountain Ski Area for a joint ski outing, but despite inclement weather and an approaching storm, permitted Niclas to ski alone and unsupervised in a ski area with dangers and risks with which the Vanhorns were much better acquainted than Niclas, who had not skied in Germany in comparable conditions or on comparable terrain. Defendants Fred Vanhorn and Lynne Vanhorn breached their duty to care for and ensure the safety of Niclas Wäschle by negligently failing to properly instruct and supervise him in a dangerous activity, by taking him to ski at the Big Mountain Ski area and allowing him to ski alone and unsupervised on the date of the incident that lead to Niclas' death, notwithstanding the approach of a storm, even though Defendant Fred Vanhorn was a ski instructor employed at the Big Mountain ski area.

37.   As the direct and proximate result of these breaches of duty by Defendants World Experience, Fred Vanhorn and Lynne Vanhorn, Niclas Wäschle sustained serious physical and emotional injuries and death and, consequently, his estate and heirs have sustained special and general damages in amounts to be proven at trial.

## COUNT IV: LIABILITY OF DEFENDANT WORLD EXPERIENCE UNDER DOCTRINE OF *RESPONDEAT SUPERIOR*

38.     Plaintiffs reallege the allegations contained in paragraphs 1 through 37.

39.     Defendant World Experience is liable for the wrongful acts and omissions and the negligence of Defendants Fred Vanhorn and Lynne Vanhorn under the doctrine of *respondeat superior*, which extends to situations in which a servant or agent is not an employee, but acting in a similar role, albeit as a volunteer.

## COUNT V: NEGLIGENT INFLICTIONS OF EMOTIONAL DISTRESS

40.     Plaintiffs reallege the allegations contained in paragraphs 1 through 39.

41.     The heirs of Niclas Wäschle, on their own behalf, have been subjected by the circumstances of the injuries and death of their son and brother to serious and severe emotional distress. The acts and/or omissions of the Defendants, as described above, constitute the commission of the tort of negligent inflictions of severe emotional distress.  The heirs of Niclas Wäschle have suffered and continue to suffer serious and severe emotional distress including, but not limited to grief, shame, humiliation, degradation,

embarrassment, anger, disappointment and worry, all of which have resulted in further damages and injuries to the heirs of Niclas Wäschle.

42.   As a result of the wrongful acts and/or omissions of the Defendants, as stated above, the heirs of Niclas Wäschle have suffered and continue to suffer severe emotional distress which was the reasonably foreseeable consequence of said wrongful acts and/or omissions for which Defendants are liable to the heirs of Niclas Wäschle.

## COUNT VI: LOSS OF CONSORTIUM

43.   Plaintiffs reallege the allegations contained in paragraphs 1 through 42.

44.   Plaintiffs, as a result of the wrongful acts and omissions of Defendants as stated above, have suffered and will continue to suffer loss of consortium as that claim is defined under Montana law, and are entitled to recover damages available under Montana law from the Defendants.

## COUNT VII: DAMAGES AND PUNITIVE DAMAGES

45.   Plaintiffs reallege the allegations contained in paragraphs 1 through 44.

46.   As a direct and proximate result of the negligent and wrongful acts and/or omissions of Defendants, the Plaintiffs have suffered severe general

and special damages, including without limitation damages recoverable under Montana law in a survival action and in a wrongful death action, and including but not limited to, the following:

a.   Past medical expenses for treatment of Niclas Wäschle's injuries;

b.   Physical pain and suffering sustained by Niclas Wäschle up to the time of his death;

c.   Mental and emotional pain and suffering, distress and mental anxieties sustained by Niclas Wäschle up to the time of his death;

d.   Past and future loss of enjoyment of life by Niclas Wäschle;

e.   Future loss of lifetime income and earning capacity by Niclas Wäschle;

f.   Funeral expenses as a result of Niclas Wäschle's death;

g.   Loss of familial consortium, companionship, society, care, comfort and advice suffered by Niclas Wäschle's heirs;

h.   Grief, sorrow and mental anguish suffered by Niclas Wäschle's heirs; and

i.   Such other damages as are fair and just.

343615.1

47.    Based upon their conscious and/or intentional disregard and/or deliberate indifference to the high probability of injury to Niclas and others similarly situated, an award of punitive and exemplary damages is proper to deter these Defendants, and others similarly situated, from future similar misconduct.

WHEREFORE, Plaintiffs respectfully pray that the Court enter judgment against Defendants, and each of them, as follows:

1. For an award of general and special damages caused by the Defendants, as those damages are alleged and delineated more specifically in foregoing paragraphs of this Complaint;

2. For an award of punitive and exemplary damages against the Defendants;

3. For Plaintiffs' costs and disbursements herein; and

4. For such other and further relief as the Court may find just and reasonable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands that a jury trial on all issues in this action so triable.

//

DATED this 24th day of December, 2013.

CHURCH, HARRIS, JOHNSON & WILLIAMS, P.C.


BY:   /s/ Steven M. Johnson
        Steven M. Johnson
        Attorneys for Plaintiffs